IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTOINETTE EDENSHAW,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and NICOLE SHEPERD-BETZ, an individual,<br><br>        Defendants. | Case No. 3:22-cv-00021-JMK<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Before the Court at Docket 13 is Defendant United States' Second Motion to Dismiss (the "Motion"). Plaintiff Antoinette Edenshaw filed a response in opposition at Docket 14, to which the Government replied at Docket 15. For the following reasons, the Motion is GRANTED, and Plaintiff's claim is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff Antoinette Edenshaw alleges that Defendant Nicole Sheperd-Betz, an employee of the National Park Service, negligently ran a stop sign and collided with Plaintiff's vehicle.[1] Plaintiff's Amended Complaint states that Defendant Sheperd-Betz was driving the vehicle both "while in the course in [sic] scope of work or while not acting

---

[1] Docket 11 at 2.

within the scope of her office or employment."[2]  In a supplemental statement, Plaintiff explains that,

> undersigned counsel is not aware of certification from the Attorney General which might conclusively establish whether or not Nicole Sheperd-Betz was an employee of the United States of America Government acting within the scope of her office or employment at the time and date of the injuries to Plaintiff Edenshaw.[3]

The Amended Complaint names both the United States and Nicole Sheperd-Betz as Defendants.[4]  With respect to Defendant United States, Plaintiff brings her claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.[5]  With respect to Defendant Sheperd-Betz, Plaintiff brings her claims "under 31 U.S.C. § 1344 and/or 41 C.R.F. § 102-34.22 for using or authorizing the use of a government motor vehicle for other than official purposes."[6]

## II. LEGAL STANDARD

The Government argues that Plaintiff failed to exhaust her administrative remedies, a jurisdictional requirement for FTCA actions.[7]  As such, the Government moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[8]

---

[2] *Id.* (emphasis added).
[3] Docket 11-1 at 3.
[4] Docket 11 at 1–2.
[5] *Id.*
[6] *Id.* at 2.
[7] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).
[8] At times, the Government's Motion references Federal Rule of Civil Procedure 12(b)(6) while still arguing that the Court should dismiss Plaintiff's claim for lack of subject matter jurisdiction. *Compare* Docket 13 at 1–2 *with* Docket 13 at 3–4.  The Court interprets the

A jurisdictional attack under Rule 12(b)(1) may be facial or factual. A facial attack accepts the plaintiff's allegations as true, but asserts that they are legally insufficient to invoke jurisdiction.[9] A factual attack contests the truth of the plaintiff's allegations, and, in doing so, the defendant may introduce evidence outside the pleadings.[10] The court no longer presumes plaintiff's allegations to be true:

> When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.[11]

In both facial and factual attacks, the party asserting subject matter jurisdiction has the burden of showing its existence.[12] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[13]

### III. DISCUSSION

The FTCA requires that claimants first exhaust their administrative remedies before filing an action in federal court.[14] For the purposes of exhaustion, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

---

Government's reference to Rule 12(b)(6) as an error and does not analyze Plaintiff's claim under this standard.

[9] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).
[10] *Id.*
[11] *Id.* (internal citations omitted).
[12] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).
[13] *A–Z Int'l v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003) (quotation omitted).
[14] 28 U.S.C. § 2675(a).

have been finally denied by the agency. . . ."[15] To properly present a claim to the federal agency, the party must file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."[16] The requirement to include a sum certain damages claim is jurisdictional.[17]

Here, the Government argues that Plaintiff failed to exhaust her administrative remedies because the claim she filed with the Department of the Interior did not include a sum certain damages claim, or any personal injury or total claim amount.[18] Plaintiff does not dispute that her Standard Form 95 left blank the claim amounts and agrees that a properly presented claim would include those amounts.[19] However, she argues that the Government first must resolve whether Nicole Sheperd-Betz was acting within the scope of her employment before the Motion is ripe for adjudication.[20] The Government replies that when it is pled as a defendant, it may admit FTCA coverage in its Answer and

---

[15] *Id.*; *see also* 28 C.F.R. § 14.2(a) (A claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain. . . .").

[16] *Blair v. I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)); *see also* 28 U.S.C. § 2675(a).

[17] *Blair*, 304 F.3d at 865.

[18] Docket 13 at 5. Plaintiff characterizes the Government's Motion as arguing that "the related matter . . . filed by claimant State Farm . . . should not allow a simultaneous claim by Ms. Edenshaw against the United States." Docket 14 at 2. The Court does not agree with this characterization. The Government's Motion simply notes that a proper administrative claim made by State Farm does not cure Plaintiff's deficient administrative claim. Docket 13 at 6. Because each claimant must satisfy the FTCA's jurisdictional requirement to file a proper claim, *see Estate of Jayson Vinberg v. United States*, No. 3:22-cv-0135-HRH, 2022 WL 11753090 (D. Alaska Oct. 20, 2022), the Court evaluates Plaintiff's claim without reference to State Farm's related claim.

[19] Docket 13 at 4–5.

[20] *Id.* at 7.

*Edenshaw v. United States*   Case No. 3:22-cv-00021-JMK
Order Granting Motion to Dismiss   Page 4
Case 3:22-cv-00021-JMK   Document 18   Filed 11/07/22   Page 4 of 6

move to amend the caption as appropriate.[21] Here, it filed a motion to dismiss rather than an answer. In both its Motion and its Reply, the Government admits that Nicole Shepherd-Betz was a federal employee acting within the scope of her employment and that Plaintiff's claims are exclusively brought under the FTCA.[22] The Government argues, and the Court agrees, that this lawsuit is governed by the FTCA; therefore, proper administrative exhaustion is a jurisdictional requirement.[23]

As Plaintiff acknowledges, her administrative claim does not include <u>any</u> amount for damages.[24] On July 24, 2020, the Department of the Interior notified Plaintiff that her claim was deficient because it did not include a sum certain.[25] Plaintiff did not respond to this letter or submit a revised claim.[26] Because Plaintiff never properly submitted a claim to the Department of Interior, she has not exhausted her administrative remedies and is barred from bringing a suit against the United States.[27] This Court must dismiss her claim for lack of subject matter jurisdiction.[28]

---

[21] Docket 15 at 2.
[22] *See* Docket 13 at 2; Docket 15 at 2; *see also* Docket 15-1 (employment record).
[23] Further, the Court notes that Plaintiff has not identified a source of federal jurisdiction over Defendant Sheperd-Betz if she were acting outside the scope of employment. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (holding that party asserting jurisdiction has burden of proving its existence). The Court cannot locate a private right of action under 31 U.S.C. § 1344, *see* 41 C.F.R. § 102–34.225, and Plaintiff has not alleged diversity jurisdiction under 28 U.S.C. § 1332. *See* Docket 11 at 3 (asserting claim for negligence).
[24] Docket 13-1 at 1.
[25] Docket 13-2 at 1; *see also* Docket 14 at 5 (admitting the same).
[26] *See* Docket 13-3 ¶¶ 7–8; Docket 13-4 ¶¶ 4–6.
[27] *See* 28 U.S.C. § 2675(a).
[28] *See Blair v. I.R.S.*, 304 F.3d 861, 865 (9th Cir. 2002).

*Edenshaw v. United States*  Case No. 3:22-cv-00021-JMK
Order Granting Motion to Dismiss  Page 5
Case 3:22-cv-00021-JMK   Document 18   Filed 11/07/22   Page 5 of 6

## IV. CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss at Docket 13 is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 7th day of November, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Edenshaw v. United States*  Case No. 3:22-cv-00021-JMK
Order Granting Motion to Dismiss  Page 6
Case 3:22-cv-00021-JMK   Document 18   Filed 11/07/22   Page 6 of 6